Alvin Hawkins, J.,
delivered the opinion of the Court.
This cause was removed into the Circuit Court of Cannon County, upon the petition of the defendants in error. The plaintiff in error. moved the Court to dismiss the petition, which motion was refused, and the cause was tried upon its merits. A verdict and judgment were rendered for the defendants in error. A motion for a new trial having been refused, an appeal in error is presented to this Court.
The only question presented to this Court, is, did the Court err in overruling the motion to dismiss the petition?
The petition was filed on the 24th of April, 1866, and alleges in substance, that Hammons, one of the petitioners, purchased a horse from Mason, on the 29th of November, 1861, at the price of $110, for the payment of which he executed his note, with petitioner Neeley as his surety, payable to Mason, and due twelve months after data
At the time of the purchase, Hammons was a soldier in the Rebel army, which fact was well known to Mason; and Hammons purchased the horse expressly to *134 be used as a cavalry borse in the Rebel service; that the horse was diseased, and sickened and died on the next day after the purchase; and was of no benefit to Hammons for military service or otherwise.
Mason brought suit on the note, and petitioners were summoned to appear before one E. Stephens, a justice of the peace for said county, on the 18th of July, 1865, at which time they appeared to answer; and being of the opinion they were not liable to pay the note, because 'the contract was illegal and against public policy, and because of the unsoundness of the horse, they agreed to leave the matters in dispute to W. B. Nokes and F. Coleman, who were to decide the suit according to law and evidence, and whose decision should be final; and from which there should be no appeal, and entered into an article of agreement to that effect.
Petitioners further allege that the case was submitted to arbitrators, but not in accordance with said article ; that Nokes and Coleman did • not decide it, but that Nokes and said Stephens done so, without any written agreement authorizing them to do so, as arbitrators — and as petitioners are advised, not in accordance with said agreement — who decided against petitioners; and thereupon, the justice rendered a judgment against them for the sum of $127.91.
Petitioners further state, that they proved upon the trial before the arbitrators, that the horse was purchased to go into the Rebel service; that the same was well known to Mason; that the horse was unsound, etc. They say they did not know at the time, that the ar *135 bitration was illegal because it was decided by men different from those named in the article of agreement, and not in accordance therewith; and were advised by the justice who tried the case that they could not appeal, and were bound to pay the. judgment; and believing what the justice said, and that they would be compelled to pay said judgment, they procured execution thereon to be stayed.
They say the reason they did not appeal from said illegal and unjust judgment, was, because they were so advised by said Justice who tried the case, and thought they were compelled to' pay the same. They further say, the reason why they had not sooner made application to remove the cause into the Circuit Court by certiorari, was, “they still thought they were compelled to pay said unjust judgment, and had no right to appeal, or any other remedy, until they were advised to the contrary;” and that, as soon as they were so advised, they made this application.
They pray that the cause be moved into the Circuit Court, and that a new trial be had.
The reason assigned in the petition for not appealing from the judgment of the justice, was certainly sufficient to have authorized the removal of the cause into the Circuit Court by certiorari, if an application therefor had been promptly made.
As appears from the record, this suit was instituted on the 12th of July, 1865, and. the adjudgment complained of was rendered on the 29th of July, 1865. The defendants, as they show by their petition, were present at the trial, with a full knowledge of all the *136 defenses which they now seek to set up to the suit; and as they aver, made proof of the same. After the rendition of the judgment, they procured a stay of execution thereon; after which, they silently acquiesced in the judgment until the 24th of April, 1866, a period of nearly nine months subsequent to the date of the •judgment, and nearly one month after the expiration of the stay of execution.
The only reason assigned for this great delay, is, “they still thought they were compelled to pay said unjust judgment, and had no right to an appeal or other remedy.”
It is true, that the rigid rules of practice, by which the remedy by certiorari' was- regulated, when it was less valuable than now, owing to the then limited jurisdiction of justices of the peace, will be relaxed in proportion as the value of that remedy may be enhanced by an increase of that jurisdiction. But it is also true, that “it is a well established rule of practice in this' State, that a certiorari when sought to be, and as a substitute for an appeal, must be, applied for at the first term of the Circuit Court, after the rendition of the justice’s judgment, unless some sufficient cause for the delay be shown in the petition.”
We do not pretend to say but cases may arise in which the delay may have been as great as in this case, and yet without fault- or laches upon the part of the petitioner; but such is not- this case.
In cases like the present, we think the most satisfactory and cogent reasons' for' the delay ought to be *137 shown in fcbe petition to authorize the issuance of the writ.
This petition discloses no such reasons. We are, therefore, constrained to hold the refusal of the Circuit Judge to dismiss the petition upon motion, was erroneous.
The judgment of the Circuit Court will be reversed. The petition and certiorari will be dismissed, and a judgment rendered here according to the provisions of the Code, section 3139.